*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 5, 2021

Plaintiff-Appellee,

v

No. 353007
Wayne Circuit Court
LC No. 19-006515-01-FC

TELVIN MARTIN WHITE,

Defendant-Appellant.

Before: GADOLA, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of carrying a concealed weapon, MCL 750.227. Pertinent to this appeal, defendant was acquitted of armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 40 to 60 months imprisonment, departing from the sentencing guidelines range of zero to nine months. Defendant contends on appeal that his sentence was disproportionate and unreasonable, and the trial court improperly justified its upward departure from the sentencing guidelines on acquitted conduct and previous crimes already scored by the guidelines, entitling defendant to resentencing. We vacate defendant's sentence and remand for resentencing.

## I. FACTUAL BACKGROUND

This case arises out of the alleged armed robbery of Jeffrey Montford by defendant on August 6, 2019. Montford testified at trial that, on the date of the alleged robbery, he went to a liquor store in Detroit at about 6:30 p.m. looking to buy marijuana from men who were normally outside selling the drug. Montford approached defendant, who was in the parking lot, and asked him if he had marijuana to sell. Montford testified that defendant told him that he would go into the liquor store to see if there was anyone willing to sell marijuana. Montford testified that defendant then went into the store, came out a few minutes later, got into a white, four-door Ford Taurus, and pulled out of the parking lot. Montford then walked around the corner from the liquor store, saw that defendant had stopped his car, and he approached it. Defendant then sold Montford a small quantity of marijuana for $5. Montford testified that defendant then saw Montford holding

-1-

a $50 bill, and defendant pulled a pistol from the center console area of the car, pointed it at Montford, and said, "give it all to me." Montford handed over the $50 bill and marijuana. Defendant drove off and Montford walked home.

Montford called 911 to report the robbery, and officers came to his home to take a report. He gave the officers descriptions of defendant and the female passenger who was in defendant's car during the alleged robbery. Montford did not tell police until the next day that the robbery started as a marijuana transaction. The police used surveillance video footage to try to identify defendant's car, and they determined that defendant was driving a white Geo Prizm with no license plate, not a Taurus as Montford described. The police searched for defendant's car, soon located him driving it, and pulled him over. A search of the car uncovered a loaded pistol underneath the driver's seat.

Defendant elected to have a bench trial, at which he was charged with armed robbery, carrying a concealed weapon, and felony-firearm. At the close of the prosecution's case-in-chief, defendant moved for a directed verdict of acquittal on the armed robbery charge, arguing that Montford lacked credibility as a witness. The prosecution argued that most of Montford's testimony had been confirmed by independent evidence. The court directed a verdict of acquittal on Count 1, armed robbery, and Count 3, felony-firearm. The court reasoned that because Montford did not disclose that his interaction with defendant started as a proposed marijuana transaction until the third time he talked to police, he lacked credibility as a witness, and a directed verdict was appropriate on the armed robbery charge. And because defendant's charge of carrying a concealed weapon cannot support a conviction of felony-firearm as a matter of law, it was necessary to likewise direct a verdict of acquittal on the felony-firearm charge. The court convicted defendant of the remaining charge, carrying a concealed weapon.

When given the opportunity to speak at sentencing, defendant asked for "a chance." The court asked if defendant wanted a chance to carry a gun or rob someone again. The court then stated that defendant had been given chances by being placed on probation for previous offenses, he had continued to reoffend, and was carrying a gun while on probation. The court said that it believed the robbery had been committed, it just had not been proven beyond a reasonable doubt. The court stated, "I think that Mr. White is a lot more dangerous. And if the [Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*] had of [sic] been revoked, this would have been a habitual case. So I don't think that that part of the Prior Record Variable was given the consideration." The court concluded that all would be better off, including defendant, if defendant served time in prison. The court sentenced defendant to 40 to 60 months' imprisonment, an upward departure from the guidelines range of zero to nine months.

## II. DISCUSSION

Defendant contends that his sentence was an unreasonable and disproportionate upward departure, and the trial court impermissibly relied on acquitted conduct when sentencing defendant, entitling him to resentencing. We agree that the trial court improperly relied on acquitted conduct, and defendant is entitled to resentencing.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502

(2015). "Resentencing will be required when a sentence is determined to be unreasonable." *Id*. Whether a sentence is unreasonable is reviewed for an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). An abuse of discretion occurs when the trial court fails to follow the principle of proportionality or fails to provide adequate reasons for the extent the sentence departs from the guidelines range. *Id*. at 476.

Defendant did not preserve his challenge to the use of acquitted conduct in fashioning his sentence. To preserve a challenge to the use of acquitted conduct in sentencing, a defendant must raise the issue in the trial court. *People v Stokes*, ___ Mich App ___, ____; ___ NW2d ___ (2021) (Docket Nos. 348471 and 348472); slip op at 2. Defendant failed to preserve the issue by raising it in the trial court. An unpreserved issue is reviewed for plain error affecting defendant's substantial rights. *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted).

An upward departure sentence is reviewed for reasonableness. *Lockridge*, 498 Mich at 392. A sentence is reasonable if it adheres to the principles of proportionality set out in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), abrogation in part on other grounds recognized by *Steanhouse*, 500 Mich at 477. *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). The principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. The sentencing guidelines are no longer mandatory, and a court can depart from the guidelines when it is reasonable to do so. *Lockridge*, 498 Mich at 391-392. The central inquiry is not whether a sentence departed from the guidelines range, but whether the sentence is proportionate to the offender and the offense. *Steanhouse*, 500 Mich at 472. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). When determining a proportional sentence, a trial court may consider this nonexclusive list of factors:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted.]

"[A] trial court must justify the sentence imposed in order to facilitate appellate review." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted). A trial court must also justify the extent of the departure above the guidelines when

fashioning a proportionate minimum sentence. *People v Smith*, 482 Mich 292, 318; 754 NW2d 284 (2008).

Our Supreme Court recently held that a trial court fashioning a sentence may not make factual findings that are based on acquitted conduct. *People v Beck*, 504 Mich 605, 629-630; 939 NW2d 213 (2019). This is because it violates due process to sentence a defendant as if he committed a crime he was acquitted of. *Id*. at 609. This means that a court may not rely on actions by a defendant that form the basis of elements of an acquitted charge when sentencing that defendant. *People v Beesley*, ___ Mich App ___, ____; ___ NW2d ___ (2021) (Docket No. 348921); slip op at 7. Stated differently, "a sentencing court must consider a defendant as having undertaken no act or omission that a jury could have relied upon in finding the essential elements of any acquitted offense proved beyond a reasonable doubt." *Stokes*, ___ Mich App at ____; slip op at 3 (quotation marks and citation omitted). A defendant has the burden of showing evidence that the trial court relied on acquitted conduct in fashioning a sentence. *Id*. at ___; slip op at 5. But if a "sentencing court specifically referenced acquitted offenses as part of its sentencing rationale, a *Beck* violation would be apparent." *Id*. at ___; slip op at 4. Additionally, a court is able to view a presentence investigation report that includes information on acquitted and other conduct so long as it does not rely on acquitted conduct in fashioning a sentence. *Id*. at ___; slip op at 4.

As noted above, defendant preserved his challenge to the proportionality of his sentence, but did not preserve for appeal his contention that the trial court impermissibly relied on acquitted conduct in sentencing defendant. Because of the impracticality of parsing the court's rationale under a review for reasonableness without addressing the trial court's reliance on acquitted conduct, we will first review that aspect of the issue under the plain error standard for unpreserved issues.

The trial court relied on several reasons to justify defendant's upward departure sentence: (1) defendant continued to commit new offenses, including carrying a firearm, while on probation, demonstrating a lack of rehabilitation, (2) the sentencing guidelines did not account for the fact that, if not for defendant's HYTA status, he would have been charged as a habitual offender, (3) everyone, including defendant, would be better off if defendant served a prison sentence, and (4) the court believed defendant committed the armed robbery it acquitted him of, showing he is a danger to society. Most of these reasons for the court's departure sentence are permissible considerations. The court is permitted to consider factors that are given inadequate consideration by the sentencing guidelines, as well as factors not considered by the guidelines, including the defendant's potential for rehabilitation. *Walden*, 319 Mich App at 352-353. The court's first stated reason, that defendant had continually reoffended while on probation, is a factor that the guidelines do not consider. Thus, it is an appropriate factor for the court to consider. It was also a factor outside the guidelines for the court to consider that, but for defendant's HYTA status, he would have been eligible for a second-offense habitual offender sentencing enhancement. And the court's rationale that defendant and society would be better off if defendant served prison time was a permissible consideration of defendant's capability for rehabilitation. Defendant contends that, in considering these factors, the trial court impermissibly considered acquitted and uncharged conduct from prior cases in fashioning defendant's sentence. However, a review of the record shows that the court was much more concerned with the fact that defendant continued to reoffend while on probation than it was the substance of his criminal history.

-4-

That being said, the court committed clear error when it rationalized defendant's sentence, at least in part, on the fact that the court believed defendant committed the armed robbery it had acquitted him of. Under *Beck*, 504 Mich at 629-630, it is impermissible to consider acquitted conduct in fashioning a sentence, which is exactly what the court did when it stated it believed defendant committed the robbery while justifying its upward departure sentence. So, there was error, and it was plain. *Stokes*, ___ Mich App at ____; slip op at 4 (If a "sentencing court specifically referenced acquitted offenses as part of its sentencing rationale, a *Beck* violation would be apparent."). And defendant was prejudiced, meaning the error affected the outcome of the proceeding. The standard for finding prejudice warranting reversal is that the error "resulted in the conviction of an actually innocent defendant" or when the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Carines*, 460 Mich at 763-764 (quotation marks and citation omitted). The error here did not result in the conviction of an actually innocent defendant. But relying on acquitted conduct when sentencing a defendant is a due process violation that seriously affected the integrity of the judicial proceeding warranting reversal. Therefore, there was plain error warranting reversal, and defendant is entitled to resentencing. See *Beck*, 504 Mich at 609-610 (a trial court may not rely, even in part, on acquitted conduct when sentencing a defendant).

Defendant also argues, and the prosecution concedes, that resentencing is warranted because the trial court did not explain why the extent of the departure from the guidelines was proportional to the offender and offense. In addition to explaining its rationale for why a sentence departs from the guidelines, a trial court must also justify the extent of the departure when fashioning a proportionate minimum sentence. *Smith*, 482 Mich at 318. Here, the trial court explained why it departed from the guidelines. But it did not explain the extent of its departure. The closest the trial court came to explaining the extent of its departure from the guidelines was that defendant and society would benefit if defendant was sentenced to prison. Defendant was sentenced to the statutory maximum for the crime of which he was convicted, carrying a concealed weapon. Carrying a concealed weapon has a statutory maximum penalty of five years' imprisonment, or 60 months. MCL 750.227(3). And by statute the minimum sentence cannot exceed two-thirds of the maximum sentence. MCL 769.34(2)(b). Thus, defendant's sentence of 40 to 60 months' imprisonment was the statutory maximum. However, the trial court never explained why the maximum prison sentence was necessary to achieving the goal of ensuring defendant served prison time. Nor did the trial court explain why the maximum possible departure was a proportionate and reasonable sentence for defendant. As such, resentencing is also warranted on these grounds.

We affirm defendant's conviction, vacate his sentence, and remand for resentencing. We retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

-5-

# Court of Appeals, State of Michigan

## ORDER

People of MI v Telvin Martin White

Docket No.   353007

LC No.         19-006515-01-FC

Michael F. Gadola
Presiding Judge

Kathleen Jansen

Colleen A. O'Brien
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 21 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we remand for the trial court to explain why the maximum prison sentence was necessary to achieve the goal of ensuring that defendant served prison time, to explain why the maximum possible departure was proportionate and reasonable for the defendant, and to resentence defendant accordingly. The proceedings on remand are limited to these issues.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_____August 5, 2021_____
Date

_____
Chief Clerk